**Davis Miles McGuire Gardner**

40 E. Rio Salado Parkway, Suite 425
Tempe, AZ 85281
Telephone: (480) 733-6800
Fax: (877) 715-7366
efile.dockets@davismiles.com

Pernell W. McGuire – SBN 015909
M. Preston Gardner – SBN 029868
*Attorneys for Debtor*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>EVEN STEVENS SANDWICHES, LLC, *et al.*<br><br>                     Debtors.<br><br>This filing applies to:<br>☐ All Debtors<br>☒ Specified Debtors<br><br>Even Stevens Sandwiches, LLC | Chapter 11<br><br>Case No.: 2:19-bk-03236-DPC<br>(Jointly Administered)<br><br>**AMENDED OBJECTION TO PROOF OF CLAIM NO. 92 FILED BY JOHN PAUL BLAKELY** |

Even Stevens Sandwiches, LLC (the "Debtor"), by and through undersigned counsel, hereby files this amended objection to Proof of Claim No. 92 (the "Objection") filed by John Paul Blakely (the "Claimant"), and asserts that the secured treatment of Claimant should be denied and that the total claim should be reduced to $2,000.00. The basis for this objection is that the claim of Claimant is not enforceable against the Debtor or its property under any agreement or applicable law. *See* 11 U.S.C. § 502(b)(1). In support of this Objection, the Debtor respectfully represents as follows:

1

## I. JURISDICTION AND VENUE

1. On March 21, 2019 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.

2. This Court has jurisdiction over this Chapter 11 case under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue for the Debtor's Chapter 11 cases is proper in this District under 28 U.S.C. §§ 1408(1) and (2) and 1409.

4. No trustee or examiner has been appointed in this case, though an official committee of unsecured creditors has been established.

## II. FACTUAL BACKGROUND

5. On June 25, 2019, the Claimant filed Proof of Claim No. 92 (the "POC"), asserting the amount of $102,000.00 as a secured claim.

6. The POC described the property securing the claim as "see attached" and described the basis for perfection as "see attached."

7. Attached to the POC was an unexecuted copy of a Secured Convertible Promissory Note dated January 30, 2019 between the Debtor and Claimant (the "Note") in the amount of $100,000.00 and an unexecuted Security Agreement, which described the collateral as "all assets of the [Debtor], tangible and intangible."

8. On information and belief, the Claimant loaned $100,000.00 to a different Steve Down-related company, Financially Fit, LLC, and the Debtor did not receive any

2

portion of the funds.  Although the Debtor provided the Note and Security Agreement to Claimant in January 2019, the Claimant refused to sign the documents as evidenced by the emails attached to the POC.

9. On March 15, 2019, the law firm of Freeman Lovell, PLLC, as agent for multiple lienholders, including the Claimant, filed a UCC-1 financing statement with the Office of the Secretary of the State of Utah as UCC filing #562707201940 (the "Freeman Lovell UCC Filing"), providing "Even Stevens Sandwiches, LLC" as the name of the debtor and describing the collateral as "all assets of the debtor, tangible and intangible."  A Record of Filing related to the Freeman Lovell UCC Filing was attached to the POC.

### III. LEGAL ARGUMENT

First, Claimant failed to properly perfect his security interest.  The Utah Code adopted the Revised Article 9 of the Uniform Commercial Code ("UCC") effective July 1, 2001. *Simms v. Oklahoma ex rel. Dep't of Mental Health and Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).  When interpreting the UCC, the Court is required to look at the plain language of that statute as a starting point. *Schusterman v. United States*, 63 F.3d 986, 989 (10th Cir. 1995) (citing *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989)).  In discerning the plain language, the Court should assume that words will be interpreted as taking their "ordinary, contemporary, common meaning." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 388 (1993) (citing *Perrin v. United States*, 444 U.S. 37, 42 (1979)).

3

Subsection (1) of § 70A-9a-108 of the UCC—entitled "Sufficiency of Description"—states that:

> Except as otherwise provided in Subsections (3), (4), and (5), a description of personal or real property is sufficient, whether or not it is specific, if it reasonably identifies what is described.

Utah Code Ann. § 70A-9a-108(1). Subsection (3), however, states that:

> A description of collateral as "all the debtor's assets" or "all the debtor's personal property" or using words of similar import does not reasonably identify the collateral.

Utah Code Ann. § 70A-9a-108(3) (emphasis added). These super-generic descriptions could represent virtually anything owned by a debtor, and therefore they do not reasonably identify what interest the creditor may have. *See Gulf Forge Co. v. Ellwood Quality Steels Co.*, 202 B.R. 238, 241 (S.D. Tex. 1996); *World Wide Tracers, Inc. v. Metropolitan Protection, Inc.*, 373 N.W.2d 839, 842 (Minn. App. 1985) (holding that the phrase "all property" does not describe by item or type, and is therefore insufficient to perfect a security interest), *aff'd* 384 N.W.2d 442 (Minn. 1986); *In re Fuqua*, 461 F.2d 1186, 1188 (10th Cir. 1972) (holding that the phrase "all personal property" is not an acceptable description); *Mogul Enterprises, Inc. v. Commercial Credit Business Loans, Inc.*, 92 N.M. 215, 585 P.2d 1096, 1098 (1978) ("[A]ll-inclusive, vague language such as [all assets] . . . is not sufficient to perfect a security interest."); *In re E.P.G. Computer Services Inc.*, 20 U.C.C. Rep. Serv. 1084, 1976 WL 23711 (S.D.N.Y. 1976) ("If the defendant's description of collateral [all

4

present and future assets of debtor] were acceptable, it would clearly frustrate the spirit of the statute.").

In this case, the Claimant failed to attach executed copies of the Note and Security agreement to the POC. Moreover, the Freeman Lovell UCC Filing's description of "all assets of the debtor, tangible and intangible" is overbroad and super-generic. It was insufficient, therefore, to perfect the security interest of Claimant asserted in the POC. As a result, the secured claim asserted in the POC should be denied.

In addition, the allowed amount of the claim should be reduced to no more than $2,000.00 because the Claimant did not loan $100,000.00 to the Debtor. Claimant loaned $100,000.00 to a different Steve Down-related company, Financially Fit, LLC, and the Debtor did not receive any portion of the funds. Although the Debtor provided a Note and Security Agreement to Claimant in January 2019, the Claimant refused to sign the documents as evidenced by the unexecuted documents and explanatory emails attached to the POC. Accordingly, the allowed amount of the POC must be reduced to $2,000.00 and the remaining portion disallowed.

WHEREFORE, the Debtor requests an Order sustaining its objection to the POC, denying the secured treatment of the claim and providing for an allowed claim of no more than $2,000.00, and for such further relief as the Court deems just and appropriate.

\\\

\\\

5

RESPECTFULLY SUBMITTED this 5th day of November, 2019.

**DAVIS MILES MCGUIRE GARDNER, PLLC**

By: /s/ M. Preston Gardner
M. Preston Gardner
Pernell W. McGuire
*Attorneys for Debtor*

# CERTIFICATE OF SERVICE

I certify that on November 5, 2019, I electronically filed the foregoing **AMENDED OBJECTION TO PROOF OF CLAIM 92 FILED BY JOHN PAUL BLAKELY** with the Clerk of the Court for the United States Bankruptcy Court by using the CM/ECF system.

I further certify that parties of record in this case who either are registered CM/ECF users, or who have registered for electronic notice, or who have consented in writing to electronic service, will be served through the CM/ECF system.

I further certify that some of the parties of record in this case have not consented to electronic service. I have caused a copy of the foregoing document to be placed in the U.S. Mail, First Class, postage-prepaid to:

John Paul Blakely
8553 N. Beach Street #112
Keller, TX  76244

Official Committee of Unsecured Creditors
c/o Snell & Wilmer L.L.P.
Attn: Emily G. Wagner
One Arizona Center
400 E. Van Buren St., Ste 1900
Phoenix, AZ  85004-2202

U.S. TRUSTEE
OFFICE OF THE U.S. TRUSTEE
230 NORTH FIRST AVENUE
SUITE 204
PHOENIX, AZ  85003


By: */s/ Marykay Lipari*
    Marykay Lipari