Benjamin W. Reeves (#025708)
Emily Gildar Wagner (#028811)
**SNELL & WILMER L.L.P.**
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
E-mail:   breeves@swlaw.com
              ewagner@swlaw.com
Attorneys for the Official Committee of Unsecured Creditors

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: | Proceedings Under Chapter 11 |
| EVEN STEVENS SANDWICHES, LLC, *et al.*, | Case No. 2:19-bk-03236-DPC |
| Debtors. | (Jointly Administered) |
| | **OFFICIAL COMMITTEE OF UNSECURED CREDITORS' LIMITED OBJECTION TO EMERGENCY MOTION FOR AUTHORITY TO OBTAIN POST-PETITION FINANCING ON A SECURED BASIS AND SET FINAL HEARING** |
| This Filing Applies to: | |
| ☐ All Debtors | **Hearing** |
| ☒ Specified Debtors: | Date: December 3, 2019 |
| Even Stevens Sandwiches, LLC | Time: 2:30 p.m. |
| Even Stevens Utah, LLC | Place: 230 N. 1st Ave., Ctrm. 603 |
| Even Stevens Idaho, LLC | |

The Official Committee of Unsecured Creditors (the "Committee") appointed in the jointly administered bankruptcy cases of Even Stevens Arizona, LLC, Even Stevens Sandwiches, LLC, Even Stevens Utah, LLC, Even Stevens Idaho, LLC, and Even Stevens Washington, LLC (collectively, the "Debtors"), hereby submits this *Official Committee of Unsecured Creditors' Limited Objection to Emergency Motion for Authority to Obtain Post-Petition Financing on a Secured Basis and Set Final Hearing* (the "Limited

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Objection"), objecting to, on a limited basis, the request to obtain a post-petition, secured loan in an amount up to $500,000.00 from Take 2, LLC (the "DIP Loan").

The request to obtain the DIP Loan was filed on an emergency basis on November 8, 2019, and a hearing was set on it only twelve days after its filing for November 19, 2019. On November 13, 2019, counsel for the Committee and counsel for the Moving Debtors (defined below) discussed the Committee's preliminary concerns with the DIP Loan, agreed to engage in a dialogue regarding revisions to the DIP Loan,[1] and mutually decided to continue the hearing. On November 14, 2019, counsel for the Committee mailed counsel for the Moving Debtors (defined below), a letter with the Committee's proposed revisions to the DIP Loan. Since that time, counsel for the Debtors has not responded substantively to the Committee's proposed revisions. That, coupled with the fact that an examiner was just appointed on November 13, 2019, leads the Committee to file this Limited Objection to preserve its objections to the proposed DIP Loan, and the Committee reserves the right to either withdraw its objections, or supplement it in the future as additional information comes to light, both from the Debtors and examiner.

The Limited Objection is supported by the attached Memorandum of Points and Authorities, the Court's records and files in these bankruptcy cases, and on such other and further matters as the Court may allow.

/ / /

/ / /

/ / /

/ / /

---

[1] Counsel for the Committee and counsel for the Moving Debtors (defined below) expressly agreed that counsel for the Committee would first send a letter with the Committee's proposed revisions before filing a formal objection. By agreeing to first send a letter in an effort to resolve the Committee's concerns with the DIP Loan, the Committee made clear that it was in no way waiving its right to object to the DIP Loan in the event a resolution could not be mutually reached.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   RELEVANT FACTUAL BACKGROUND

1.   On November 8, 2019, Even Stevens Sandwiches, LLC, Even Stevens Utah, LLC, and Even Stevens Idaho, LLC (the "Moving Debtors") filed the *Emergency Motion for Authority to Obtain Post-Petition Financing on a Secured Basis and Set Final Hearing* (the "DIP Motion"), seeking the Court's approval of the proposed DIP Loan from Take, 2, LLC ("Take 2").

2.   On November 13, 2019, pursuant to stipulation, the Court appointed Lynton Kotzin as the examiner over the Debtors.

3.   On November 13, 2019, counsel for the Committee and counsel for the Moving Debtors discussed the Committee's preliminary concerns with the DIP Loan, agreed to engage in a dialogue regarding revisions to the DIP Loan, and mutually decided to continue the November 19, 2019 hearing on the DIP Loan (which was continued to December 3, 2019).

4.   On November 14, 2019, counsel for the Committee mailed counsel for the Moving Debtors a letter with the Committee's proposed revisions to the DIP Loan.

5.   Since that time, the Debtors have not been able to provide modified terms that Take 2 would agree to.  Accordingly, the Committee files this Objection to raise its concerns with the Court about the DIP Loan.

### II.   LEGAL ARGUMENT

#### A.   The Standard for a Secured DIP Loan

As the Moving Debtors acknowledge, only if the Moving Debtors cannot obtain a loan by offering a simple administrative expense, can the Moving Debtors (with the Court's approval, after notice and a hearing) offer greater protection and incentives to Take 2, including a secured lien on their unencumbered personal property and/or a junior

lien on their already encumbered personal property. 11 U.S.C. § 364(c)(2) and (3).[2] The Committee reserves the right to contest that: (i) the Moving Parties could not obtain a loan without granting a security interest in their personal property, (ii) the DIP Loan is necessary to preserve the assets of the estate, and (iii) the terms of the DIP Loan are fair, reasonable, and adequate given the circumstances (some of the terms of which are addressed in Section II.B below).

### B.    The Committee's Concerns with the Terms of the DIP Loan

As previously articulated to the Moving Debtors, the Committee has several concerns with the DIP Loan. Below is a summary of the Committee's concerns and proposed revisions to ameliorate those concerns. This is not an exhaustive list, and the Committee reserves the right to raise additional concerns and/or proposed changes.

### 1.    The DIP Loan Should Only Be Made on an as Needed Basis, and in Smaller Increments

As currently drafted, the DIP Loan can only be made "in one or more tranches in minimum amounts of $100,000." DIP Motion, p. 2. This could lead the Moving Debtors to draw more on the DIP Loan than is necessary to pay administrative expenses and fund business operations. Instead, the DIP Loan should require the Moving Debtors only to draw on an "as needed basis," to pay outstanding administrative expenses and cover short-term cash flow and working capital needs, and in increments of $25,000. For instance, if the Moving Debtors need $115,000, the Moving Debtors could draw $125,000, as opposed to over-drawing $200,000.

---

[2]     The Moving Parties do not propose the DIP Loan to take priority over all administrative expenses pursuant to 11 U.S.C. § 364(c)(1). To the extent the Moving Parties do intend such administrative expense priority, the Committee objects to its fees and costs being primed by the proposed DIP Loan.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

### 2. The Moving Debtors Should File a Notice Every Time the DIP Loan Is Drawn

As written, the Moving Debtors have no requirement to notify anyone, including creditors and the Court, when the Moving Debtors draw on the DIP Loan. To foster transparency and accountability, the Moving Debtors should file a short notice every time they draw on the DIP Loan, which notice should include a running tally showing how much has been drawn to date.

### 3. The DIP Loan Fee Should Be Lowered

The DIP Loan provides that "Lender shall be paid a fee equal to 10% of the total advanced Loan Amount irrespective of date advanced." DIP Motion, p. 3. This appears to be an exorbitant fee, even taking into consideration that the DIP Loan is being made to entities in bankruptcy. Instead of a flat 10% fee on the DIP Loan, the DIP Loan should accrue interest at the rate of 10% per annum. The Committee believes that this will significantly cut down on the costs of the DIP Loan. For instance, if the Moving Debtors took out $100,000 in three months (the current maturity date), with a 10% flat fee, that would be a $10,000 fee. That effectively equates to an annual interest rate of 40% ($100,000 x 10% in three months = $10,000 x 4 = $40,000). If instead of a flat fee, the interest rate is 10% per annum, the Moving Debtors would only pay $2,500 on $100,000 over three months. The Committee believes this decrease in costs would benefits the Moving Debtors, their creditors, and their estates.

### 4. The DIP Loan Default Interest Rate Should Be Clarified

As currently submitted, "[d]efault interest of 15% shall apply to all unpaid principle and accrued interest still owing after the Maturity Date." DIP Motion, p. 3. From this statement, it is unclear whether default interest will accrue on a "per annum" basis. As such, the DIP Loan should be clarified to accrue default interest at the rate of 15% per annum.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

### 5. *The Maturity Date Should Be Extended*

The DIP Loan provides that "[t]he principal and unpaid accrued interest on the Note will be due and payable three (3) months from the date of the Note (the "Maturity Date")." DIP Motion, p. 3. From this statement, it is unclear whether default interest will accrue on a "per annum" basis. Three months is a very short timeframe, and is setting the Moving Debtors up for a possible default. As such, the maturity date should be extended from three months from the date of origination to nine months, to give the Moving Debtors, as well as creditors (including the Committee) and the examiner, sufficient time to explore other options in the event that the Moving Debtors' proposed plan of reorganization fails.

Indeed, a significant concern is that Take 2 fund a small portion of the proposed DIP Loan, and then three months later, declares a default based on the maturity of the loan and proceeds to foreclose. That is a worst-case scenario that the DIP Loan—as proposed—could allow to happen. At a minimum, the Debtors and their estates need protection against such a potential adverse outcome.

### 6. *The DIP Loan Should Apply Accrued Interest to the Sale Price*

As currently drafted, it is unclear how accrued interest is to be paid. As such, any interest accrued (regular and default) on the DIP Loan be applied to Take 2's sale price and forgiven at the time of approval, assuming the proposed sale is approved. In other words, assuming the proposed sale goes through, Take 2 would not be paid any accrued interest during the course of the DIP Loan, or even after, but rather, would just apply it toward the sale price. If the sale does not go through, then Take 2 would be entitled to payment of the interest (regular and default).

### III. <u>CONCLUSION</u>

WHEREFORE, the Committee objects, on a limited basis, to the DIP Motion. The Committee reserves the right both to supplement its Limited Objection or withdraw it

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1–26

upon suitable amendment of the DIP Loan by the Moving Debtors. To the extent the Court is inclined to grant the DIP Motion immediately, the Committee requests, at a minimum, that the revisions proposed in Section II.B above be incorporated into the order.

DATED this 27th day of November, 2019.

SNELL & WILMER L.L.P.

By /s/ *Emily Gildar Wagner*
Benjamin W. Reeves
Emily Gildar Wagner
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Proposed Attorneys for the Official Committee
of Unsecured Creditors

Snell & Wilmer
— L.L.P. —
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1  COPY of the foregoing mailed or e-mailed*
   this 27th day of November, 2019, to:

2

3  M. Preston Gardner*
   Pernell W. McGuire*
4  Aubrey Laine Thomas*
   Davis Miles McGuire Gardner PLLC
5  40 E. Rio Salado Pkwy, #425
   Tempe, AZ 85281
6  pgardner@davismiles.com
   pmcguire@davismiles.com
7  athomas@davismiles.com
   *Attorneys for Debtors*

8  Jennifer A. Giaimo*
   Office of the United States Trustee
9  230 N. First Ave., Ste. 204
   Phoenix, AZ 85003-1706
10 Jennifer.A.Giaimo@usdoj.gov
   *Attorneys for U.S. Trustee*

11 Patrick A. Clisham*
   Michael P. Rolland*
12 Engelman Berger, P.C.
   3636 North Central Ave., Ste. 700
13 Phoenix, AZ 85012
   pac@eblawyers.com
14 mpr@eblawyers.com
   *Attorneys for USBC Real Estate, LLC*

15

16 Scott B. Cohen*
   Michael P. Rolland*
17 Engelman Berger, P.C.
   3636 North Central Ave., Ste. 700
18 Phoenix, AZ 85012
   sbc@eblawyers.com
19 mpr@eblawyers.com
   *Attorneys for BS Property, LLC*
20

21 James L. Ugalde*
   Quarles & Brady LLP
   Renaissance One
22 Two North Central Ave.
   Phoenix, AZ 85004-2391
23 james.ugalde@quarles.com
   *Attorneys for CBDG Grant Road Car*
24 *Wash LLC*

25 George U. Winney*
   Gammage & Burnham, PLC
26 Two North Central Ave., 15th Fl.

Phoenix, AZ 85004
gwinney@gblaw.com
*Attorneys for 40th Street Developers, LLC*
*and E. N. Richmond Trust*

Thomas H. Allen*
Cody D. Vendewerker*
Allen Barnes & Jones, PLC
1850 N. Central Ave., Ste. 1150
Phoenix, AZ 85004
tallen@allenbarneslaw.com
cvandewerker@allenbarneslaw.com
*Attorneys for Skyline JSY LLC*

Susan M. Freeman*
Nicholas S. Bauman*
Lewis Roca Rothgerber Christie LLP
201 E. Washington St., Ste. 1200
Phoenix, AZ 85004
sfreeman@lrrc.com
nbauman@lrrc.com
*Attorneys for University Village Limited*
*Partnership*

Daniel J. Vecchio*
Garvey Schubert Barer, P.C.
1191 Second Ave., 18th Fl.
Seattle, WA 98101
dvecchio@gsblaw.com
*Attorneys for University Village Limited*
*Partnership*

Kathryn Ore*
Pima County Attorney's Office
Civil Division
32 North Stone Ave., Ste. 2100
Tucson, AZ 85701
kathryn.ore@pcao.pima.gov
pcaocvbk@pcao.pima.gov
*Attorneys for Pima County*

Dina L. Yunker*
Assistant Attorney General
800 Fifth Ave., Ste. 2000
Seattle, WA 98104-3188
dina.yunker@atg.wa.gov
dinay@atg.wa.gov
*Attorneys for Washington State Taxing*

*Agencies*

Kasey C. Nye*
Waterfall, Economidis, Caldwell,
Hanshaw
5210 E. Williams Cir., Ste. 800
Tucson, AZ 85711
knye@waterfallattorneys.com
*Attorneys for Ally Financial*

Michael S. Steck*
Clarior Law
11730 South 250 West #206
St. George, UT 84770
michael@clariorlaw.com
*Attorneys for Steven Down*

Thomas Allen*
Allen Barnes & Jones
1850 N. Central Ave., #1150
Phoenix, AZ 85004
tallen@allenbarneslaw.com
*Attorneys for Skyline JSY LLC*

Christopher J. Dylla*
Office of the Arizona Attorney General
2005 N. Central Ave.
Phoenix, AZ 85004
christopher.dylla@azag.gov
*Attorneys for the Arizona Department of Revenue*

/s/ Paula Shanahan

4838-9992-9004

Snell & Wilmer
— L.L.P. —
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26