Bruce L. Bauman
Leigh M. Schnaidt
1319 W Caroline Lane
Tempe, AZ 85284
T: (480)480-215-7145
F: (480) 705-9053
baumanlawaz.com
*Creditors*

FILED

DEC 10 2019

UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In re:
EVEN STEVENS SANDWICHES, LLC, *et al.*
                Debtors.

This filing applies to Even Stevens Sandwiches, LLC

Chapter 11

Case No.: 2:19-bk-03236 DPC
(Jointly Administered)

**RESPONSE TO OBJECTION TO PROOFS OF CLAIM 16 AND 75 FILED BY BRUCE BAUMAN AND LEIGH SCHNAIDT**

BRUCE L. BAUMAN and LEIGH M. SCHNAIDT ("Creditors") herby submit their Response to the Objection to Proofs of Claim 16 and 75, filed by Even Stevens Sandwiches, LLC ("Debtor").

Debtor has objected to Creditors' Proofs of Claim numbers 16 and 75 ("Claims"). Creditors hereby state that both Claims were filed in good faith with the belief that they are entirely valid claims, and should be treated as such.

Claim Number 16 was filed prior to Creditors' knowledge that the contracted interest rate should be calculated to include interest charges up to the date of filing of the Petition. Claim number 75 was later filed to include the interest charges and to supplement Claim number 16 and its attachments.

The fact that a security interest was not perfected here is not the issue, rather the facts (as described in the aforementioned Claims and their respective attachments) describe why it was not possible to perfect a security interest, for reasons beyond the control of Creditors. More succinctly, Creditors' $10,000 "Rescue Note" loan was eventually not considered to be a loan by Debtor. However, it was not until *after* the

funds were wired to Debtor that Debtor determined they could not accept the funds from Creditors, because Creditors were not considered accredited investors. The funds were to be immediately returned to Creditors, but were never returned.

The funds ($10,000) were wired by Creditors to Debtor on July 27, 2018. It was not until October 30, 2018 that Debtor sent an email to Creditors stating: "If you are unable to produce accreditation documents, then we cannot accept new investments from you. I will need to reach out to Brooks and Spencer to see about a timeline on getting your funds back to you, . . . ." (*See* attachment to Claim number 16). Creditors had no idea that there was an issue with accreditation at the time funds were wired to Debtor.

The fact also remains that a UCC-1 was filed regarding the alleged secured interest of Creditors. Under the circumstances described, it would be inequitable and a miscarriage of justice to not allow the Claims of Creditors.

Pursuant to Arizona Revised Statute § 47-1305, "[t]he remedies provided by this title must be liberally administered to the end that the aggrieved party may be put in as good a position as if the other party had fully performed . . . ." ARS § 47-1305(A). Here, Creditors are surely aggrieved parties. They made a good faith effort to provide a secured loan to Debtor and expected to receive the benefit of a secured interest. It was not Creditor who filed the UCC-1 listing the assets of Debtor that are to provide the security interest; said filing was done by Freeman Lovell, PLLC.

Creditors respectfully request the Court overrule the Objection to Proofs of Claim Numbers 16 and 75, and treat said Claims as allowed and secured; and/or such other and further relief the Court deems just and proper under the circumstances.

**RESPECTFULLY SUBMITTED** this 9th day of December 2019.

By: _____  
Leigh M. Schnaidt, Creditor

By: _____  
Bruce L. Bauman, Creditor

1 | **ORIGINAL** of the foregoing mailed to the Clerk
on December 9, 2019 to be filed:
2 |
3 | U.S. Bankruptcy Court
Clerk of Court
4 | 230 N 1st Ave, Ste 101
Phoenix, AZ 85003
5 |
6 | By: _____
7 |
8 |
...
28 |