| | |
|---|---|
| Michael S. Steck SBN 34569<br>CLARIOR LAW<br>1173 South 250 West #206<br>St. George, UT 84770<br>435-215-7451<br>michael@clariorlaw.com<br>*Attorney for Steven Down* | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>EVEN STEVEN SANDWICHES, LLC<br><br>et. al.<br>                  Debtors. | Proceedings Under Chapter 11<br><br>Case No.: 2:19-bk-03236-DPC<br>(Jointly Administered)<br><br>**OBJECTION TO EMERGENCY MOTION FOR AUTHORITY TO CONVERT LEGAL FORM OF EVEN STEVENS SANDWICHES, LLC TO C CORPORATION**<br><br>**Hearing Date: December 30, 2019**<br>**Hearing Time: 10:00 a.m.**<br>**Courtroom: 603** |
| This filing applies to:<br><br>[ ] All Debtors<br><br>[x] Specified Debtors<br><br>Even Stevens Sandwiches, LLC | |

STEVEN DOWN, individually and as a party of interest ("Down") in this bankruptcy proceeding, through counsel of record, hereby objects to Even Stevens Sandwiches, LLC, a Utah Limited Liability Company's (the "Debtor") Emergency Motion for Authority to Convert Legal Form of Even Stevens Sandwiches, LLC to C Corporation (the "Emergency Motion"). Down submits the following Memorandum of Points and Authorities in support.

//

//

//

//

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. DEBTOR MOTIONS THE COURT TO CONVERT TO A C-CORP

Debtor's Emergency Motion asks this Court to allow conversion to a so-called "C-Corp" based upon the alleged emergency of preserving net operating losses ('NOLs"). The Emergency Motion should be denied for two reasons; namely, (1) the Emergency Motion is bereft of sufficient factual basis to establish the exigent circumstances that are alleged to exist and (2) Debtors process of conversion is directly contrary to Utah law and violative of corporate governance for Utah limited liability companies.

## II. RELEVANT FACTUAL BACKGROUND

1. On December 20, 2019, Debtor filed the Emergency Motion (dckt. 268).
2. Debtor never sought a vote from the membership of Debtor seeking approval of the Plan of Conversion as required under Utah Code Anno. § 48-3a-1043. Accordingly, Down files this objection to the Emergency Motion.

## III. LEGAL ARGUMENT

Debtor would have this Court believe that exigent circumstances exist whereby immediate action necessitates the violation of Utah law. The Emergency Motion is riddled with allusions to backroom negotiations that have no factual basis to support the allegations or other relief requested by the Debtors in the Emergency Motion. The Court appropriately enquires into the exigent circumstances whereby the Debtor must file for emergency relief for a matter that, with proper planning and adequate dissemination of information, could avoid the circumstances that Debtor has put upon themselves through questionable management actions. The broad authority cited in Debtors Emergency Motion under 11 U.S.C. § 105(a) also supports this Court's discretion to demand Debtors compliance with Utah law. Debtor's Emergency Motion has ignored the following points of Utah law:

1. Utah law has no provision for the legal entity structure of a "C-Corp" – an unknown entity under relevant law. It appears that Debtor may be mistaking a legal entity for a tax

filing status; regardless, Utah corporations are governed under the Utah Revised Business Corporation Act at Utah Code Anno. §§ 16-10a-101 *et. seq.*

2. Debtor's Emergency Motion does not state the means under Utah law whereby Debtor can effectuate conversion but rather mentions portions of the operating agreement that purport to support the Emergency Motion. This is not the case. Utah operating agreements are limited under Utah law in that they may not "vary the right of a member to approve a merger, interest exchange, conversion, or domestication…." Utah Code Anno. § 48-3a-112(3)(m).

3. Utah law requires the consent of all members to approve a plan of conversion under two direct and clear statutes. Utah Code Anno. § 48-3a-1043(1) requires the consent of all voting members. In fact, if the plan of conversion does not contain the consent of all members it is of no force. As if anticipating the very situation of Debtors Emergency Motion, Utah Code Anno. § 48-3a-407(3)(c) unequivocally states:

> The affirmative vote or consent of all members is required to:
> (i) approve a transaction under Part 10, Merger, Interest Exchange, Conversion, and Domestication;
> (ii) undertake any act outside the ordinary course of the limited liability company's activities and affairs; or
> (iii) amend the operating agreement.

IV. CONCLUSION

Debtor's Emergency Motion should be denied because it asks this Court to rewrite Utah law. The Emergency Motion provides insufficient factual support to establish the exigent circumstances and highly irregular circumstances of conversion to an unrecognized entity under Utah law. At a minimum, this Court should order Debtor to provide all of the facts surrounding the exigent circumstances and put the matter to membership vote in accordance with Utah law. If such strong and dire circumstances exist that the only way to maximize value is through conversion, the

Debtor need not fear providing adequate information and calling a vote for proper authority under Utah law and the operating agreement.

Respectfully submitted this 26th day of December, 2019

                                                STECK LAW PLLC dba CLARIOR LAW

                                By:     /s/ Michael Steck
                                             Michael Steck
                                             Attorney for Steven Down

# CERTIFICATE OF SERVICE

I certify that on December 26, 2019, I electronically filed the foregoing **OBJECTION TO EMERGENCY MOTION FOR AUTHORITY TO CONVERT LEGAL FORM OF EVEN STEVENS SANDWICHES, LLC TO C CORPORATION** with the Clerk of the Court for the United States Bankruptcy Court by using the CM/ECF system.

I further certify that parties of record in this case who either are registered CM/ECF users, or who have registered for electronic notice, or who have consented in writing to electronic service, will be served through the CM/ECF system.

I have caused a copy of the foregoing document to be emailed to:

| | |
|---|---|
| **M. Preston Gardner**<br>**Pernell W. McGuire**<br>**Aubrey Laine Thomas**<br>Davis Miles McGuire Gardner PLLC<br>40 E. Rio Salado Pkwy, #425<br>Tempe, AZ 85281<br>pgardner@davismiles.com<br>pmcguire@davismiles.com<br>athomas@davismiles.com | breeves@swlaw.com<br><br>**Skyline JSY LLC**<br>c/o Thomas H. Allen<br>Allen Barnes & Jones<br>1850 N. Central Ave #1150<br>Phoenix, AZ 85004 602-256-6000<br>tallen@allenbarneslaw.com |
| **U.S. TRUSTEE**<br>OFFICE OF THE U.S. TRUSTEE 230<br>NORTH FIRST AVENUE SUITE 204<br>PHOENIX, AZ 85003<br>Jennifer.A.Giaimo@usdoj.gov | **University Village Limited Partnership**<br>c/o Susan M. Freeman<br>c/o Nicholas Bauman<br>Lewis Roca Rothgerber Christie LLP<br>201 E. Washington St., #1200<br>Phoenix, AZ 85004<br>sfreeman@lrrc.com;<br>nbauman@lrrc.com |
| **John R. Clemency**<br>POLSINELLI<br>One East Washington, Suite 1200<br>Phoenix, AZ 85004<br>jclemency@polsinelli.com<br>lkotzin@kotzinvaluation.com | **USBC REAL ESTATE, LLC**<br>c/o Patrick Clisham<br>Engelman Berger, P.C.<br>3636 N. Central Ave., Ste. 700<br>Phoenix, AZ 85012<br>pac@eblawyers.com |
| **Official Committee of Unsecured Creditors**<br>Snell & Wilmer L.L.P.<br>Emily G. Wagner<br>Ben Reeves<br>One Arizona Center 400 E. Van Buren St.,<br>Ste 1900 Phoenix, AZ 85004-2202<br>ewagner@swlaw.com; | **BS Property, LLC**<br>c/o Scott B. Cohen<br>Engelman Berger, P.C.<br>3636 N. Central Ave., Ste. 700<br>Phoenix, AZ 85012 |

| | |
|---|---|
| 1 | sbc@eblawyers.com |
| 2 | |
| 3 | **Ally Financial** |
| 4 | c/o Kasey C. Nye Waterfall, Economidis, Caldwell, Hanshaw 5210 E. Williams Circle, Suite 800 Tucson, AZ 85711 |
| 5 | knye@waterfallattorneys.com |
| 6 | |
| 7 | **E. N. Richmond Trust** |
| 8 | c/o George U. Winney Gammage & Burnham, PLC 2 N. Central Ave., Suite 1500 Phoenix, AZ 85004 gwinney@gblaw.com |
| 9 | |
| 10 | |
| 11 | **Washington State Taxing Agencies** c/o Dina L. Yunker |
| 12 | Office of the Attorney General 800 5th Ave., Ste 2000 Seattle, WA 98104 |
| 13 | dina.yunker@atg.wa.gov; dinay@atg.wa.gov |
| 14 | |
| 15 | **Arizona Department of Revenue** |
| 16 | c/o Christopher J. Dylla Office of the Arizona Attorney General 2005 N Central |
| 17 | Ave Phoenix, AZ 85004-1592 christopher.dylla@azag.gov |
| 18 | |
| 19 | by: <u>Michael Steck</u><br>     Michael Steck |